UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RUSSELL SCOTT OESCHGER,

        Petitioner,        Case No. 1:06-cv-913

v.        Honorable Robert Holmes Bell

SHIRLEE A. HARRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner is presently incarcerated at the Muskegon Correctional Facility. After a jury trial, Petitioner was convicted of two counts of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), and two counts of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b). (Pet. at 1, docket #1.) On April 2, 1996, the Oakland County Circuit Court sentenced Petitioner to two terms of life imprisonment without the possibility of parole. *Id.*; *see also People v. Oeschger,* No. 194926, 1998 WL 1990341, at *1 (Mich. Ct. App. Aug. 21, 1998). The Michigan Court of Appeals denied Petitioner's application for leave to appeal in an unpublished opinion dated August 21, 1998. *Oeschger,* 1998 WL 1990341, at *5. The Michigan Supreme Court also denied Petitioner's application for leave to appeal on April 27, 1999. *People v. Oeschger,* 593 N.W.2d 553 (Mich. 1999).

On March 16, 2003, Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court. (Pet. at 4.) The trial court denied Petitioner's motion for relief from judgment and motion for *Ginther*[1] hearing on March 24, 2004. (Attach. to Pet., Mar. 24, 2004 Oakland County Circuit Ct.'s Op. & Order, docket #1.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal and motion for remand on September 23, 2005. (Attach. to Pet., Sept. 23, 2005 Mich. Ct. Appeals' Order, docket #1.) On December 27, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). (Pet. at 6.)

---

[1] *See People v. Ginther,* 212 N.W.2d 922 (Mich. 1973).

On or about December 29, 2006, Petitioner filed his application for habeas corpus relief raising the following three grounds: (1) Petitioner was denied his right to due process when the police obtained evidence from an illegal search and seizure, when the police arrested Petitioner without probable cause or an arrest warrant, and when the police unlawfully detained Petitioner; (2) Petitioner was denied his right to the effective assistance of trial counsel when counsel failed to file a motion to suppress evidence after Petitioner's unlawful arrest and detainment; (3) Petitioner was denied his right to the effective assistance of appellate counsel when appellate counsel failed to file a motion for new trial or a motion to suppress evidence after Petitioner's unlawful arrest and detainment, and to raise the related issue of ineffective assistance of trial counsel. (Attach. to Pet., Jan. 16, 2006 Pet. for Writ of Habeas Corpus at C, docket #1.)

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 27, 1999. Petitioner did not petition for certiorari to the United States Supreme Court.[3] The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence*

---

[3]In his application for habeas corpus relief, Petitioner does not allege that he petitioned for certiorari in the United States Supreme Court. (Pet. at 3-4; docket #1.) Therefore, this Court assumes that Petitioner did not file a petition for certiorari in the United States Supreme Court for purposes of counting under the one-year statute of limitations period.

*v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 27, 1999. Petitioner had one year from July 27, 1999, to file his application for habeas corpus relief. Petitioner filed the instant petition on or about December 21, 2006[4], more than six years after the statute of limitations expired on July 27, 2000.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on July 27, 2000, his motion for relief from judgment filed on March 16, 2003 does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D.N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at *1 (N.D. Cal. Feb. 2, 1999).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling

---

[4]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on December 21, 2006, and it was received by the Court on December 29, 2006. Thus, it must have been handed to prison officials for mailing at some time between December 21 and 29. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

    Petitioner argues that he is entitled to equitable tolling because (i) the Innocence Project of the Thomas M. Cooley Law School had his case from April 27, 2001 until October 17, 2002[5]; (2) he has no legal training and therefore required a "paralegal" to assist with his petition; and (iii) "ignorance of the legal requirements for filing his claim is excusable negligence." (Attach. to Pet., Jan. 16, 2006 Pet. for Writ of Habeas Corpus at 2-3, docket #1.) Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. As an initial matter, Petitioner does not allege that he is entitled to equitable tolling under the actual innocence doctrine recognized in *Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005). Further, a petitioner must "diligently pursue habeas relief" for equitable tolling to apply. *See Winkfield v. Bagley,* 66 F. App'x 578, 583-84 (6th Cir. 2003). Petitioner provides the following information regarding his efforts to diligently pursue habeas corpus relief. On or about March 3, 2001[6], Petitioner requested

---

[5]According to a letter from the Thomas M. Cooley Law School's Innocence Project dated August 2, 2001, Petitioner requested the assistance of the Innocence Project on April 27, 2001. (*See* Attach. to Pet., Aug. 2, 2001 Letter from the Thomas M. Cooley Law School's Innocence Project, docket #1.) On October 17, 2002, the Innocence Project responded that it could not take Petitioner's case. (*See* Attach. to Pet., Oct. 17, 2002 Letter from the Thomas M. Cooley Law School's Innocence Project, docket #1.)

[6]Petitioner states that he requested several documents from the Oakland County Circuit Court on March 3, 2001. (*See* Attach. to Pet., Jan. 16, 2006 Pet. for Writ of Habeas Corpus at 3, docket #1.) A letter from the Oakland County Circuit Court, however, provides that it received Petitioner's request on March 29, 2001. (*See* Attach. to Pet., Apr. 19, 2001 Letter from the Oakland County Circuit Court, docket #1.) The Court gave Petitioner the benefit of the earliest date.

several documents from the Oakland County Circuit Court.  (Attach. to Pet., Jan. 16, 2006 Pet. for Writ of Habeas Corpus at 3, docket #1.)  On April 19, 2001, the Oakland County Circuit Court replied: "[a]s we have told you before, police reports are not a part of the court file.  In other words, we absolutly [sic] DO NOT HAVE ANY POLICE REPORTS.  We cannot assist you."  (Attach. to Pet., Apr. 19, 2001 Letter from Oakland County Circuit Court, docket #1.)  Petitioner then sent his case to the Thomas M. Cooley Law School's Innocence Project on April 27, 2001.  (*See* Attach. to Pet., Aug. 2, 2001 Letter from the Thomas M. Cooley Law School's Innocence Project, docket #1.)  The Innocence Project refused to assist Petitioner on October 17, 2002.  (*See* Attach. to Pet., Oct. 17, 2002 Letter from the Thomas M. Cooley Law School's Innocence Project, docket #1.)  Petitioner then filed a motion for relief from judgment on March 16, 2003.  The trial court denied the motion for relief from judgment and a motion for *Ginther* hearing on March 24, 2004.  Petitioner appealed the denial of his motion for relief from judgment through the Michigan appellate courts.  All of Petitioner's efforts to pursue habeas corpus relief occurred after the statute of limitations expired on July 27, 2000.  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Second, Petitioner alleges that he is entitled to equitable tolling because he needed the assistance of a "paralegal" to help with his petition, and he is untrained in the law.  (Attach. to Pet., Jan. 16, 2006 Pet. for Writ of Habeas Corpus at 2-3, docket #1.)  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Therefore,

Petitioner has failed to show the "extraordinary circumstances" necessary to support equitable tolling.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: March 26, 2007                    /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).